558 P.2d 1069

**Bernard J. REYNOLDS and Daisy Bell Reynolds, husband and wife, Plaintiffs-Appellants,**

v.

**Russell KEENE et al., Defendants-Respondents.**

**No. 11399.**

Supreme Court of Idaho.

Jan. 19, 1977.

Gary A. Finney, Sandpoint, for appellants.

James T. Knudson, Coeur d'Alene, for respondents.

McFADDEN, Chief Justice.

This action arises out of a dispute over use of a road across plaintiffs-appellants' land in Bonner County. Defendants-respondents Keene own property which is land-locked and without direct access to any public road. Plaintiffs-appellants Reynolds own the property situated between the Keenes' property and the nearest public road. A road routinely used by the Keenes crosses Reynolds' land.

In July, 1962, the Reynolds commenced a quiet title action in Bonner County, seeking to restrain the Keenes from trespassing upon Reynolds property. The Keenes filed an answer and cross claim, affirmatively seeking a right-of-way for use of the road over the Reynolds property. Trial was held and a decree was entered by the trial court in April, 1963. Findings of fact and conclusions of law were waived by both counsel. The decree granted to the Keenes a prescriptive right-of-way over the Reynolds land. However, the decree did not clearly define the quantity or quality of the right-of-way beyond a description of a centerline.[1]

In January, 1973, the Keenes filed a motion for a show cause order seeking to cite Mrs. Reynolds for contempt. Supporting affidavits alleged numerous instances of harassment and attempts to prohibit the Keenes and their guests from using the road, contrary to the 1962 order. The order was issued, and Mrs. Reynolds filed affidavits alleging instances of trespass and harassment on the part of the Keenes.

At hearing, evidence was presented indicating that between the time of the decree and the show cause order, the Reynolds had subdivided their property and dedicated a road to public use. Thereafter, the road was widened and improved. The Keenes contended that the new road exactly overlay the old road and their right-of-way. Two engineers were ordered by the court to determine whether the new road coincided with the right-of-way. Some discrepancy in testimony was noted, but the trial court found that the paths of the two roads were identical.[2] Evidence at trial further established that the Keenes have recently begun to haul timber out from their property over the road. Mrs. Reynolds justified some of the alleged instances of harassment by arguing that the hauling of timber was contrary to the portion of the decree granting a road right-of-way over

1. The decree reads, in pertinent part: " * * * that said property is subject to a road right-of-way of defendants for road purposes on and across said property as now constructed and in use, the center line of which is described as follows: [description of center line]; that such road right-of-way was acquired by prescription, the use of which has been adverse, hostile, continuous, open and notorious to any claim of the plaintiffs or their predecessors in interest; that such road right-of-way is appurtenant to the lands of the defendants wh:ch adjoin plaintiffs' land. * * * the plaintiffs should be and are hereby restrained and enjoined from interfering with or attempting to interfere with or molest the defendants or anyone visiting them for either business or pleasure purposes."

2. The court found: "[T]hat the road as now in existence and in use is in the same location as that described in the 1963 decree. Since the filing of the 1963 decree the plaintiffs have caused a subdivision to be laid out on a part of their property and in connection therewith have dedicated various roads to public use. A portion of the right-of-way decreed to defendants in the 1963 decree lies within some of the dedicated roadways of the subdivision." It is unclear from the court's finding just how much of the disputed road is now dedicated to public use. However, it goes without saying that the Keenes are entitled to use the public road, where it coincides with their right-of-way, and where it does not, as they see fit. Once the road has been dedicated to the public use, the Keenes may not prevent its use by the Reynolds merely because the old right-of-way did or did not allow the use in question. The Reynolds are free to use the public road for whatever purpose the laws of the state and county allow.

the road "as now constructed and in use." The Reynolds argue that this language limits the right-of-way to the types of uses extant in 1962, and that the Keenes had not previously used the road to haul timber. Thus, Mrs. Reynolds argued, she had a right to prevent attempts to haul timber over the road.

In its memorandum opinion, designated to constitute findings of fact, conclusions of law, and final judgment, the court refused to hold Mrs. Reynolds in contempt. After discussing various other issues not relevant to this appeal, the court addressed the defense raised by Mrs. Reynolds that the Keenes had no right to haul timber over the road. The opinion declares: " * * * it is the conclusion of the Court that the decreed right-of-way in 1963 was a right-of way for a road for all purposes." Plaintiffs-appellants appeal from that part of the opinion concluding that the 1963 right-of-way was for all purposes, claiming that it substantially and improperly alters the 1963 decree to their detriment.

The contumacious conduct complained of consisted of alleged violations of the 1963 order that the Reynolds not interfere with the use of the right-of-way by the Keenes. In determining whether Mrs. Reynolds violated that order, it was necessary for the court to determine the extent of the Keenes' right to use the road, with the ultimate purpose of determining whether they were using the road in a manner which was protected from interference by the 1963 decree.

■ It cannot be said that the meaning attributed to the 1963 order by the district court was incorrect. That part of that decree declaring a right-of-way "as now constructed and in use * * *," does seem somehow to limit the Keenes' right; however, the meaning of that language is far from clear. Language in that decree also prohibits interference by the Reynolds of any use of the road for "either business or pleasure purposes," which seems to imply that a less limited right was found. Further support for the limitation urged by appellants is not found in the record, as the

parties waived findings of fact and conclusions of law in 1963. Thus, it cannot be said that the district court erred here in concluding that the existing right-of-way was declared in 1963 to be for all purposes.

The order of the district court is affirmed. Costs to respondents.

DONALDSON, SHEPARD and BAKES, JJ., and SCOGGIN, D. J., concur.